## COMMONWEALTH *versus* PHILIP MARKOE.

Under *St.* 1832, *c.* 166, a person licensed to be a common victualler, in any other place than Boston, is not authorized to sell distilled spirits. [See Rev. Statutes, *c.* 47.]

THE defendant was indicted for selling distilled liquor to ɔe drunk in his shop, contrary to *St.* 1832, *c.* 166, passed for the regulation of licensed houses. The indictment contained eight counts alleging, that the defendant, being licensed to sell wine, brandy, rum, and other distilled spirits by retail only, did, at eight several times, presume to sell to different persons, half a gill of *distilled spirits*, to be drunk in his shop.

The defendant pleaded not guilty.

At the trial, in the Court of Common Pleas, it was proved on the part of the Commonwealth, that the defendant, at eight several times, sold *spirituous liquors* to be drunk in his shop. On the part of the defendant it was proved, that he was duly licensed by the county commissioners, to be a *common victualler* in Salem. The judge thereupon instructed the jury, that the defendant had not a right to sell *spirituous liquors* to be drunk in his place of business, by reason of his license as a common victualler.

The jury having returned a verdict against the defendant, he excepted to this instruction.

*Shillaber* and *Wheatland*, for the defendant, to the point, that the terms *taverners* or *innholders*, and *common victuallers* were used synonymously in the statutes, and that the duties, liabilities and privileges of such persons, were, with some slight exceptions, the same, cited Anc. Charters, 138, 139, 140, 314, 397 ; *St* 1786, *c.* 68 ; *St.* 1830, *c.* 136 ; *St.* 1832, *c.* 166 ; to the point, that the instruction was incorrect, inasmuch as wine, which the defendant was licensed to sell, was a *spirituous* liquor, and it did not appear, that it was not, in fact, wine which was sold by him, *St.* 1832, *c.* 166, § 1 ; *St.* 1786 *c.* 68, § 1 ; and to the point, that where a statute inflicting a penalty, will admit of two constructions, the court will adcpt that which is most favorable to the accused, *Commonwealth v Martin*, 17 Mass. R. 362.

*Nov. 4th, 1834.*

*Austin,* (Attorney General,) for the Commonwealth, said the prosecution was instituted upon the ground that county commissioners are not authorized to grant a license to a common victualler to sell distilled spirits.

SHAW C. J. drew up the opinion of the Court. This cause has remained a long time undecided, having been argued at the law term of 1834, and by some accident has been overlooked and omitted. The law has been so frequently changed on this subject, that it is highly probable, that a decision in this case will be of very little importance, except to those immediately interested in the cause itself. It comes before the Court by exceptions taken by the defendant to the direction of the Court of Common Pleas. The defendant was indicted, upon eight distinct charges, of selling distilled spirits without license. He justified on the ground that he had been licensed as a common victualler by the county commissioners. The court instructed the jury, that such a license afforded no authority to sell spirituous liquors by retail ; whereupon the defendant was convicted. To this direction the defendant took an exception, which was allowed.

Before proceeding to the principal question, it may be proper to notice an objection taken on the part of the defendant, that from the terms in which the jury were instructed, the defendant might have been convicted, though the proof amounted only to the fact of his selling wine, because in some parts of the statute, wine is enumerated among spirituous liquors. But we think this is founded upon a criticism on the words of the report, that the report does not warrant. The report is to be construed according to the obvious intent of the judge who signed it. The words " spirituous liquors," and " distilled spirits," are often, in common parlance, used synonymously. This report begins by stating, that the defendant was indicted for selling distilled liquor, &c. This is not strictly accurate. The indictment was for selling distilled spirits. The difference 's manifest. Rose-water is a distilled liquor, but not spirit. The report then states the proof to have been, that the defendant sold spirituous liquors. But the indictment being for selling distilled spirits, the defendant could only have been convicted on proof that he sold distilled spirits. We think, therefore

taking the whole record together, that it is perfectly manifest, that in this bill of exceptions the term *spirituous liquors*, was used as synonymous with *distilled spirits*, and that whether, under any circumstances, wine may be classed under the term *spirituous liquors*, or not, it was not intended to be so used in this bill of exceptions.

We then come to the principal question, which is, whether the county commissioners had any authority, under the statute, to grant a license to the defendant, as a common victualler in the town of Salem. This depends upon the construction of *St.* 1832, *c.* 166. This statute, § 4, provides that the mayor and aldermen of the city of Boston may license as many persons to be *common victuallers*, &c., and to remove all doubts as to the occupation of common victuallers to be licensed under the act, it is provided that all the liabilities, privileges and requirements of this act, which apply to innholders, shall apply to common victuallers, except that of furnishing lodging for travellers and provender for horses and cattle.

Here is a strong and marked distinction made, between innholders and common victuallers, and the old acts, and provisions of the common law, which contemplate these employments as similar, or these terms as synonymous, seem to have no application.

The 6th section provides that the mayor and aldermen may license for the city of Boston, and the county commissioners, for the towns and districts in their respective counties, as many innholders and retailers, as they shall decide that the public good requires.

The 8th section provides, that the mayor and aldermen of the city of Boston may license for the city of Boston, and the county commissioners, for the towns and districts in their respective counties, as many persons, &c. as innholders, common victuallers or retailers, or sellers of wine, beer, ale, cider, or other fermented liquors, and no excise or fee shall be required therefor.

It is extremely difficult to put a reasonable and satisfactory construction upon all the clauses of this statute. If it be held, that this section authorizes county commissioners to grant licenses to common victuallers, with all the powers of innhold-

ers except furnishing lodgings, and provender for horses, the provisions of the 4th would be wholly nugatory. But it is a sound rule of construction, that every clause and part of a statute shall have some effect, if it can be done.

But further, this section provides that the licenses herein contemplated, are to be granted without any fee or excise, whereas all the licenses before contemplated, including those to common victuallers in the city of Boston, were to be charged with one dollar for each license.

We are therefore of opinion, that the words *sellers of wine, beer, ale,* &c. at the close of the 8th section, were intended to qualify the whole section, and to apply as well to innholders and common victuallers as to retailers, and then the whole authority of the county commissioners would be to grant licenses to common victuallers, with power to sell wine, beer, ale and cider, and other fermented liquors, but without any authority to sell distilled spirits.

That the common victualler, authorized to be appointed and licensed by the mayor and aldermen, was to be authorized to sell distilled spirits, is to be inferred from several considerations. First, because otherwise the 4th section would have been wholly nugatory and void, whereas the common victuallers there spoken of, are in terms to have all the powers of innholders except keeping lodgings and stables, and consequently the power to sell spirits ; and because a fee is charged for the license ; and because several special provisions are made in reference to, and in regulation of the licensed houses, thus authorized, in Boston, among which is a penalty for selling spirituous liquors on the Lord's day, &c., thereby clearly implying, that with such exception the license warrants the selling of spirits.

It is to be borne in mind, that the statute under consideration was a revision and consolidation of the provisions of several previous acts, and can best be expounded by a reference to those acts.

This broad distinction between the legal effect of a license to a common victualler in the town of Boston and in other towns of the Commonwealth, it is believed, originated in *St* 1816, *c.* 112, an act which appears to have been made specially for the town of Boston.

It contemplated four distinct classes of licensed persons by all of whom ardent spirits of some kind were contemplated to be sold, either to be carried away, or used in their houses, viz. innholders, retailers, victuallers and confectioners. This statute, it is believed, first introduced the distinction between victuallers and taverners, the former having all the powers of the latter, but exempted from providing lodging and stabling; and it seems to have been suggested by the exigencies of a large and closely settled town.

This distinction has been recognised and kept up, and this accounts for the provisions of the statute of 1832, and tends to reconcile what appear to be its conflicting provisions.

Whether this distinction between Boston and some other populous towns in the Commonwealth is not now done away in fact, and whether it might not be better and more equal to abolish the legal distinction, is a question of expediency, which belongs to legislation, and not to jurisprudence. The statute under consideration clearly recognises and continues it.

We think the consequence is, that the county commissioners had no authority to license the defendant as a common victualler with liberty to sell distilled spirits, and that the license, which probably did profess to confer such an authority, could not legally confer it ; that therefore the defendant was under the general prohibition of the statute, and could not justify, under his license as a common victualler, selling distilled spirits.

The judgment and direction of the Court of Common Pleas was right, the exception is overruled, and the judgment affirmed.